

FILED

JAN 2 4 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

1  McGREGOR W. SCOTT
   United States Attorney
2  BENJAMIN B. WAGNER
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone: (916) 554-2745

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. S-08-0033 MCE |
| Plaintiff, ) | |
| v. ) | PLEA AGREEMENT |
| GOLD WEST MEDICAL SUPPLY, INC.) | |
| Defendant. ) | |

I.

**INTRODUCTION**

**A. Scope of Agreement:** The Information to be filed in this case charges the defendant Gold West Medical Supply, Inc., a California corporation ("Gold West"), with one count of health care fraud, in violation of Title 18, United States Code, Sections 1347. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant Gold West regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative,

1

1 or regulatory authorities.

2     **B. Contingent Agreement:** The defendant understands that the
3 parties intend this plea agreement to be part of a "package"
4 arrangement involving both this agreement and a separate plea
5 agreement between the government and Iourii Bagasian, the President
6 of Gold West, and that the government's willingness to enter into
7 either of these plea agreements is contingent upon defendant Gold
8 West and Iourii Bagasian entering into, and fulfilling their
9 obligations under, their plea agreements. Accordingly, if this
10 defendant and/or Iourii Bagasian breaches or withdraws from its or
11 his plea agreement, the government will have the right to void its
12 plea agreement with defendant Gold West and with Iourii Bagasian.

13     **C. Court Not a Party:** The Court is not a party to this Plea
14 Agreement. Sentencing is a matter solely within the discretion of
15 the Court, the Court is under no obligation to accept any
16 recommendations made by the government, and the Court may in its
17 discretion impose any sentence it deems appropriate up to and
18 including the statutory maximum stated in this Plea Agreement. If
19 the Court should impose any sentence up to the maximum established
20 by the statute, the defendant cannot, for that reason alone,
21 withdraw his guilty plea, and he will remain bound to fulfill all of
22 the obligations under this Plea Agreement. The defendant
23 understands that neither the prosecutor, defense counsel, nor the
24 Court can make a binding prediction or promise regarding the
25 sentence he will receive.

## II.

### ELEMENTS OF THE OFFENSE

28     At a trial, the government would have to prove beyond a

reasonable doubt the following elements of the offense of health care fraud in violation of Title 18, United States Code, Section 1347, as to which the defendant Gold West is pleading guilty:

First, that there was a scheme or artifice to defraud a health care benefit program, specifically, the Medi-Cal Program;

Second, that between January 25, 1999 and on or about August 13, 2001, in the Eastern District of California and elsewhere, an employee with the defendant Gold West, acting within the scope of his or her employment with Gold West, knowingly and willfully executed, or attempted to execute, the scheme with knowledge of its fraudulent nature and with specific intent to defraud;

Third, that the scheme was conducted in connection with the delivery or, or payment for, health care benefits or items; and

Fourth, that the health care benefit program effective interstate commerce.

### III.

#### MAXIMUM SENTENCE

The maximum sentence which the Court can impose for the single felony count of health care fraud in violation of Title 18, United States Code, Section 1347, which is charged in the Information is a fine of not more than $500,000 or twice any loss to the victim, up to five years of probation, and order of full restitution to the victim, and a special assessment of $400. The defendant understands that as a result of the conviction in this case, the defendant Gold West Medical Supply may be barred from, or excluded from participating in, U.S. government contracts or programs or contracts or programs administered by the California Department of Health Services.

## IV.

### DEFENDANT'S OBLIGATIONS

**A. Waiver of Indictment and Guilty Plea:** The defendant Gold West will waive indictment by grand jury, waive the statute of limitations, and plead guilty to a one count Information, substantially in the form attached hereto as Exhibit B, charging it with health care fraud in violation of 18 U.S.C. § 1347. The defendant agrees that it is in fact guilty of that charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**B. Restitution:** The defendant understands that restitution in the amount of $342,000 will be ordered in this case, and agrees to make an initial payment of $10,000 in restitution prior to the time of sentencing in this case. The defendant understands that this Plea Agreement is voidable by the government if it fails to make the initial restitution payment as required by this Plea Agreement.

**C. Special Assessment:** The defendant agrees to pay a special assessment of $400 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.

## V.

### THE GOVERNMENT'S OBLIGATIONS

The government will recommend that the defendant Gold West be sentenced to five years probation, restitution in the amount of $342,000, and an assessment of $400. The Government will recommend no fine because, pursuant to USSG §8C3.3, the defendant is not likely to be able to pay the full restitution amount.

# VI.

## SENTENCING DETERMINATION

**A. Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998 as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>). Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B. Stipulations Affecting Guidelines Calculations:** The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

    **1. Applicable Sentencing Guideline Book:** The parties agree that the criminal conduct continued through August of 2001, and that therefore the 2000 edition of the Sentencing Guidelines apply in this case.

    **2. Restitution:** The victim Medi-Cal suffered a loss of approximately $342,000 as a result of the offense conduct in this case, and pursuant to USSG §8B1.1(a), therefore, restitution in the amount of $342,000 should be ordered.

    **3. Fine:** Because Gold West is not generating income, has not been generating income for several years, and is currently suspended by the California Secretary of State, it is currently unable to pay the full restitution amount, and imposition of a fine would interfere with its ability to pay restitution, even

if imposed with an installment schedule. Accordingly, pursuant to 18 U.S.C. § 3572(b) and USSG §8C3.3, no fine should be imposed in this case.

**4. Probation:** In order to secure payment of the restitution order, the court should order that Gold West serve a five year term of probation pursuant to USSG §8D1.1.

**C. Stipulated Sentence Agreement:** The parties stipulate and agree that a specific sentence of five years probation, restitution to Medi-Cal in the amount of $342,000, with an installment payment order in which the defendant makes and initial payment of $10,000 at or before the date of sentencing, an assessment of $400, and no fine, is the appropriate sentence for this defendant in this case.

## VII.

## WAIVERS

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to confront and cross-examine witnesses against him; and (e) not to be compelled to incriminate himself.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives it a right to appeal the conviction and sentence. It agrees as part of its plea, however, to give up the right to appeal its conviction. It also agrees to give up the right to appeal any aspect of the sentence imposed in this case.

Regardless of the sentence he receives, the defendant also gives up any right it may have to bring a post-appeal attack on his

6

conviction or his sentence. It specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking its plea, conviction or sentence.

**C. Waiver of Attorneys' Fees and Costs:** The defendant agrees to waive all rights under the Hyde Amendment, Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations.

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.

### APPROVALS AND SIGNATURES

**A. Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Agreement.

DATED: 1/24/08

JOHN J. STANLEY
Attorney for Defendant Gold West

1  **B. Defendant:** I am the President and owner of defendant Gold
2  West Medical Supply, Inc. I am duly authorized by Gold West Medical
3  Supply to sign this plea agreement binding on the defendant, to
4  appear on its behalf, to enter a guilty plea on its behalf, and to
5  make the following representations. As president and owner of Gold
6  West Medical Supply, Inc. I have reviewed every part of this plea
7  agreement with its attorney, and I understand and voluntarily agree
8  to it. Further, Gold West Medical Supply, Inc. has consulted with
9  its attorney and fully understands its rights with regard to trial,
10 sentencing, and the sentencing guidelines. No other promises or
11 inducements have been made to Gold West Medical Supply, Inc., other
12 than those contained in this Agreement. In addition, no one has
13 threatened or forced Gold West Medical Supply, Inc. in any way to
14 induce the defendant to enter into this Plea Agreement. The
15 defendant is satisfied with the representation of its attorney in
16 this case.

DATED: 01-24-08

GOLD WEST MEDICAL SUPPLY, INC.
Defendant
By: Iourii Bagasian, President

**C. Certified Interpreter/Translator:** I declare that I am a
certified Russian language interpreter/translator. On
1-24-08 2008, I read the entire contents of the foregoing
plea agreement to Iourii Bagasian, translating the document from
English to Russian.

Dated: 1-24-08

Interpreter/Translator

8

**D. Attorney for the United States:**

I accept and agree to this Plea Agreement on behalf of the United States.

DATED: 1/24/08

                                          McGREGOR W. SCOTT
                                          United States Attorney

                                      By: /s/ Benjamin Wagner
                                          BENJAMIN B. WAGNER
                                          Assistant U.S. Attorney

**EXHIBIT "A"**

**Factual Basis for Plea**

The defendant and the Government agree that the following is an accurate description of the factual basis for defendant Gold West Medical Supply's plea of guilty to the single Count in the Information, charging the defendant with health care fraud in violation of Title 18, United States Code, Section 1347:

Gold West Medical Supply, Inc. ("Gold West") is a California corporation, formed in 1998 by Iourii Bagasian and other family members and associates. At all times relevant hereto, it was a corporation in the business of selling durable medical supply equipment ("DME"), that operated from a location in Glendale, California. Several family members and associates of Iourii Bagasian operated the company. As part of its business, Gold West provided retail medical supplies and equipment to Medi-Cal beneficiaries, and billed Medi-Cal for such items.

The Medi-Cal health care program affected interstate commerce, in that it was a federal and state funded program which provided for the medical needs of eligible recipients by paying for the delivery of equipment purchased from various companies outside of California which was shipped to California. Billings by Gold West to Medi-Cal were submitted to the State of California, Department of Health Services, through a contractor in Sacramento, California, and Gold West received payments through the California State Controller's Office in Sacramento, California. Accordingly, all requests for payment were received in, and all payment checks to Gold West were issued from, the Eastern District of California.

The President of Gold West Medical Supply, Inc. was, and is, Iourii Bagasian. In addition to signing Gold West documents as President, Bagasian performed some duties including driving a truck. He did not speak fluent English, and was not personally responsible for billing on behalf of Gold West or for obtaining or checking prescriptions for DME filled by Gold West.

Beginning no later than about mid-1999, and continuing through at least mid-August of 2001, some employees of Gold West Medical Supply, Inc., acting within the scope of their employment at Gold West, knowingly and willfully executed a scheme and artifice to defraud the Medi-Cal program by billing Medi-Cal for DME allegedly prescribed by a licensed physician as required under the Medi-Cal program, when in fact, such physician had retired from the practice of medicine and was not issuing such prescriptions. As a result of such fraudulent billings, Gold West defrauded Medi-Cal of approximately $342,000. The scheme ceased no later than late 2001.

If the case were to proceed to trial, the government would prove the foregoing through the testimony of investigating agents, California Department of Health Services employees, former employees of Gold West, employees of DME supply companies which purportedly sold DME to Gold West, numerous Medi-Cal beneficiaries, and bank

1

| | |
|---|---|
| 1 | officials, and through documents and other evidence including California Department of Health Services and California Controller's |
| 2 | Office documents and records, Medi-Cal billing records, bank records reflecting the purchases and expenditures of Gold West Medical |
| 3 | Supply and other evidence. |

```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  BENJAMIN B. WAGNER                              EXHIBIT B
    Assistant U.S. Attorney
 3  501 "I" Street, Suite 10-100
    Sacramento, California  95814
 4  Telephone:  (916) 554-2700

 5

 6

 7

 8

 9              IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,     )     No. Cr.
                                  )
13              Plaintiff,        )
                                  )
14        v.                      )     VIOLATION: 18 U.S.C. § 1347 -
                                  )     Health Care Fraud
15  GOLD WEST MEDICAL SUPPLY, INC.)
                                  )
16              Defendant.        )
                                  )
17  _____)

18                    I N F O R M A T I O N

19        The United States Attorney charges:

20                GOLD WEST MEDICAL SUPPLY, INC.,

21  as follows:

22        1.  At all times material to this Information, defendant GOLD

23  WEST MEDICAL SUPPLY, INC. was a California corporation which was in

24  the business of selling durable medical equipment (DME) and

25  providing retail medical supplies and equipment to eligible Medi-Cal

26  recipients.  It was located at 6614 San Fernando Road, Glendale,

27  California 91201.

28        2.  At all times material to this Information, the Medi-Cal

                                  1
```

1 Provider Program was a federal and state funded program which
2 provided for the medical needs of eligible recipients - those
3 residents of California who had a Medi-Cal card issued by the State
4 of California.

5     3. For a provider to participate in this program, it had to
6 sign an agreement with the State of California and receive a
7 provider number. Upon being accepted in the program, the provider
8 also agreed to submit to certain regulations issued by the State of
9 California. The Department of Health Services, Medi-Cal Division,
10 provided information to the participating providers of the
11 requirements of the program.

12     4. When a provider was accepted, it received an on-line number
13 which allowed for electronic billing to the State of California,
14 Department of Health Services, through its contractor Electronic
15 Data Systems ("EDS") in Sacramento, California. The provider
16 submitted a claim containing the Medi-Cal beneficiary number,
17 prescription code, and the date of service, via the electronic
18 billing system. The State Controller's Office processed the claims
19 and remitted payments from Sacramento to the provider for the
20 amounts and types of prescriptions filled based on the claim
21 information.

22     5. The Medi-Cal Program received fifty percent of its funding
23 from the United States Department of Health and Human Services. The
24 California Department of Health Services acted as an agent for the
25 United States in the disbursement of the funds which the federal
26 government placed in the Medi-Cal Program.

27     6. Beginning no later than on or about January 25, 1999,
28 through on or about August 13, 2001, in the Eastern District of

California and elsewhere, employees of defendant GOLD WEST MEDICAL SUPPLY, INC., operating in the course of, and within the scope of, their employment as employees, devised and intended to devise a scheme and artifice to defraud a health care benefit program, which program affected interstate commerce, to wit: such employees falsely generated a series of billings to the State of California, Department of Health Services, Medi-Cal Program, in which it was represented that certain DME equipment had been prescribed for Medi-Cal beneficiaries by a particular physician, when in truth and in fact, such physician had not prescribed such items, and in fact such physician had retired from the practice of medicine, and as a result, GOLD WEST MEDICAL SUPPLY, INC., wrongfully obtained approximately $342,000. All in violation of Title 18, United States Code, Section 1347.

Date: January __, 2008

McGREGOR W. SCOTT
United States Attorney

By: _____
BENJAMIN B. WAGNER
Assistant U.S. Attorney